```
UNITED STATES DISTRICT COURT          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                :
WINSTON GRIFFITH,                               :
                                                :
                              Petitioner,       :   MEMORANDUM AND ORDER
                                                :
             - against -                        :   11-CV-2275 (JG)
                                                :
BOARD OF IMMIGRATION APPEALS,                   :
                                                :
                              Defendant.        :
----------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

        Petitioner Winston Griffith, who is currently incarcerated at Franklin Correctional Facility and is subject to a final order of removal issued by the Board of Immigration Appeals ("BIA" or "Respondent") on September 17, 2010,[1] brings this *pro se* petition pursuant to 28 U.S.C. § 2254[2] for a writ of habeas corpus. For the reasons set forth below, the Court dismisses the petition.

---

[1] Counsel for Respondent has informed me that Griffith's immigration proceedings were held in Napanoch, New York.

[2] As Respondent notes in its response to Griffith's petition, the petition is more properly construed as a habeas challenge pursuant to 28 U.S.C. § 2241 in light of the fact that Griffith is challenging the final order of removal and seeks the reopening of his removal proceedings. *See, e.g.*, *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112-13 (2d Cir. 2008). This distinction has no bearing on the outcome of this case, however, as the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 199 Stat. 231 (May 11, 2005), which supplanted the habeas avenue of relief for petitioners like Griffith, applies here. *See id.* at 113.

        To the extent that Griffith actually seeks to challenge his underlying criminal conviction in state court, his putative § 2254 petition is premature. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a federal court may grant a writ of habeas corpus to a state prisoner in custody pursuant to a judgment on a claim that was "adjudicated on the merits" in state court. In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in state court or show that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *See, e.g.*, *Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005). Since Griffith's criminal appeal is pending, he has not exhausted his available state court remedies and the instant petition is therefore premature.

BACKGROUND

In his habeas petition, Griffith states that he was convicted in New York state court upon a guilty plea of criminal sale of a controlled substance in the second degree, New York Penal Law § 220.41, and conspiracy in the second degree, *id.* § 105.15. Pet. at 2. He appealed from his conviction to the Appellate Division, Second Department, and that appeal is presently pending. *Id.* at 3.

Griffith further argues in his petition that: (1) his convictions do not constitute aggravated felonies for immigration purposes; (2) Respondent abused its discretion in refusing to reopen Griffith's removal proceedings in order to consider his medical condition and whether he qualified for asylum or withholding of removal; (3) Respondent abused its discretion in denying Griffith's request for a hearing to determine his eligibility for deferral of removal under the Convention Against Torture; and (4) the removal order is invalid under the Vienna Convention "because the I.N.S. and B.I.A. never notified Petitioner of his right to communicate with a consulate." *Id.* at 6-10. Griffith seeks the reopening of his removal proceedings so that his medical condition can be considered by the immigration judge. *Id.* at 15.

---

Griffith is further advised that, under AEDPA, there is a one-year statute of limitations for seeking federal habeas corpus review, which runs from the latest of the following dates:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

DISCUSSION

In order to challenge the BIA's removal order, Griffith must file a petition for review of the removal order in the Court of Appeals for the Second Circuit, 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."), naming the United States Attorney General as the respondent, *id.* § 1252(b)(3)(A).[3] To the extent Griffith seeks my stay of the BIA's order of removal, the jurisdictional limits of § 1252 prohibit this Court from taking such action. *See, e.g.*, *Rodney v. Gonzales*, No. 05-CV-3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases.").

CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed. To the extent Griffith seeks to challenge the BIA's order of removal, this Court lacks jurisdiction to review that order. Judicial review of the order of removal may only be undertaken by the United States Court of Appeals for the Second Circuit, whose mailing address is as follows: Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007.

To the extent Griffith seeks to challenge his state court convictions, he is reminded that he may not file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 until he has exhausted his state court remedies.

---

[3] I note that my instructions to Griffith to this effect are not meant to suggest that a petition filed in the Second Circuit would be timely. 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617 (2d Cir. 2007).

A certificate of appealability will not issue because Griffith has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      July 20, 2011