UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

---------------------------------------------------------------x
:
WINSTON GRIFFITH,                                   :
                                                    :
                                    *Petitioner*,   :     MEMORANDUM AND ORDER
                                                    :
            - against -                             :     11-CV-2275 (JG)
                                                    :
BOARD OF IMMIGRATION APPEALS,                       :
                                                    :
                                    *Respondent.*   :
---------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

Petitioner Winston Griffith has moved for reconsideration of this Court's July 20, 2011 memorandum and order dismissing his petition for a writ of habeas corpus. For the reasons set forth below, the motion for reconsideration is granted and, upon reconsideration, the July 20, 2011 memorandum and order and the judgment entered in this case are vacated. The case will be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

BACKGROUND

Griffith is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident in 1992. After he was convicted of controlled substance offenses in state court in 2009, the government commenced removal proceedings against him. Griffith was ordered removed by an immigration judge and, on September 17, 2010, the Board of Immigration Appeals (the "BIA") dismissed his appeal from that order.

Since then, Griffith has filed several motions to reopen his removal proceedings and for reconsideration of his removal order by the BIA. Among the grounds on which Griffith

has sought to reopen his case is that his direct appeal of his criminal convictions is pending, and that the convictions are therefore not final for removal purposes.

Griffith filed a petition for a writ of habeas corpus in this Court on May 3, 2011.[1] In his petition, he challenged the validity of the final order of removal, as well as the BIA's subsequent refusal to reopen his removal proceedings. On July 20, 2011, I dismissed his petition because a district court has no jurisdiction to review a removal order. I noted that Griffith should file a petition for review in the United States Court of Appeals for the Second Circuit without expressing a view on whether such a petition would be timely. Judgment was entered on July 22, 2011.

By letter dated July 22, 2011, Griffith requested an extension of time to file reply papers in support of his habeas petition. Noting that it appeared that my July 20, 2011 order and his request for an extension had crossed in the mail, I construed Griffith's motion for an extension as a motion for reconsideration. I granted Griffith additional time to file papers in support of reconsideration.

Griffith thereafter filed an affirmation, in which he requests (i) reconsideration of the July 20, 2011 order; (ii) transfer of his case to the Second Circuit; and (iii) appointment of counsel. He raises the following grounds for this requested relief: (a) his criminal convictions are not removable offenses because he has not yet exhausted his direct appeal of those convictions; and (b) his order of removal did not become final until April 19, 2011, because the BIA issued an order in his case on that date and, therefore, his habeas petition should be treated as a timely filed petition for review and transferred to the Second Circuit. Griffith also asks for

---

[1] Petitions by *pro se* incarcerated litigants are deemed filed when the petition is conveyed to prison authorities for forwarding to court. *See Arango-Aradondo v. I.N.S.*, 13 F.3d 610, 612 (2d Cir. 1994). Griffith declared under penalty of perjury that his petition was placed in the prison mailing system on May 3, 2011, and the petition is deemed filed on that date.

2

"an Advisory Opinion" regarding purported inconsistencies in the rulings of different immigration judges in his case and a purported clearly erroneous factual determination made by the immigration judge and the BIA in his case. Affirmation in Support of Pet'r's Mot. for Recons. & Appointment of Counsel ¶ 6, at 4, ECF No. 7. The government has not responded to Griffith's motion for reconsideration.

## DISCUSSION

A.  *Standard for Reconsideration*

A court may grant a motion for reconsideration and vacate a final judgment if "'the movant . . . present[s] factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision . . . [or] demonstrate[s] the need to correct a clear error or prevent manifest injustice.'" *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 331 (S.D.N.Y. 2008) (quoting *Griffin Indus. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)) (other internal quotation marks and citation omitted) (second and third alterations in original); *see also* Fed. R. Civ. P. 59(e); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

B.  *Transferability of the Petition*

A petition for review filed in the appropriate federal court of appeals is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see also* § 1252(b)(9); *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008). When an alien erroneously seeks review of a BIA decision in a district court, the case may be transferred to the appropriate federal court of appeals. *Paul v. I.N.S.*, 348 F.3d 43, 46 (2d Cir. 2003) (Sotomayor, J.) (citing 28 U.S.C. § 1631). Transfer is required if it is in the interest of justice. *Id.*

3

However, a petition for review erroneously filed in a district court should not be transferred if the transferee court of appeals would also lack jurisdiction to consider it. *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007); *Garcia v. Holder*, 788 F. Supp. 2d 326, 329–30 (S.D.N.Y. 2011). Jurisdiction is lacking in the court of appeals if, for example, the petition for review was filed more than 30 days after the order of removal became administratively final. 8 U.S.C. § 1252(b)(1); *De Ping Wang*, 484 F.3d at 618; *Malvoisin v. I.N.S.*, 268 F.3d 74, 75 (2d Cir. 2001).

In my July 20, 2011 memorandum and order, I correctly concluded that I lack jurisdiction to review Griffith's challenge to his final order of removal. Griffith does not challenge that aspect of the decision. Instead, he argues that this Court's lack of jurisdiction should not have resulted in dismissal of the petition, but rather in its transfer to the Second Circuit. In order to determine whether transfer would be warranted, I must consider whether Griffith's petition is barred by the jurisdictional 30-day time limit of § 1252(b)(1).

The petition, insofar as it challenges the final order of removal, is plainly time-barred. The BIA dismissed Griffith's appeal on September 17, 2010, but Griffith did not file his petition in this Court until May 3, 2011. This is well outside of the 30-day limit.

Griffith is incorrect in arguing that his order of removal did not become final until after the BIA issued its April 19, 2011 order denying his motion to reopen. An order of removal becomes final when the BIA issues a decision affirming the order of removal or when the time for seeking review by the BIA has expired. *See* 8 U.S.C. § 1101(a)(47)(B); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009). Subsequent motions filed with the BIA do not toll the 30-day period for seeking judicial review of the removal order. *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) ("[T]he filing of a motion to reopen does not toll the time for

filing a petition for review of the BIA's final exclusion or deportation orders . . . ."); *see also Stone v. I.N.S.*, 514 U.S. 386, 395, 405–06 (1995). Thus, the fact that the BIA has issued orders since it dismissed Griffith's appeal does not affect the date on which his order of removal became final, which remains September 17, 2010. Since Griffith did not seek judicial review within 30 days of that date, his challenge to the removal order is time-barred.

The conclusion that Griffith is barred from challenging the removal order does not settle the matter of whether his case should be transferred. Even an alien who is time-barred from directly challenging a final order of removal in the federal courts is still able to separately challenge decisions by the BIA denying a motion to reopen or reconsider if the alien seeks review of those separate decisions within 30 days.[2] *See, e.g.*, *Luna v. Holder*, 637 F.3d 85, 97 (2d Cir. 2011); *Melnitsenko v. Mukasey*, 517 F.3d 42, 44 (2d Cir. 2008) (granting petition for review as to the denial of alien's motion to reopen); *see also Alzainati v. Holder*, 568 F.3d 844, 848 n.4 (10th Cir. 2009) (court of appeals has jurisdiction to review denial of motions to reopen even if petition for review of underlying removal order is time-barred (citing *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361–62 (10th cir. 2004))).

Griffith's petition includes challenges to the BIA's decisions denying his motions to reopen and for reconsideration, not just his order of removal. At least one of those motions was decided by the BIA fewer than 30 days before the commencement of this action, and some

---

[2] Although § 1252(a)(5) refers only to "an order of removal" when stating that judicial review must be sought in the courts of appeals, district courts also lack jurisdiction to review BIA decisions denying motions to reopen removal proceedings or to reconsider an underlying order of removal. *See, e.g.*, *Sai Ping Chen v. Mukasey*, 257 F. App'x 437, 437 (2d Cir. 2007) ("[T]he district court properly concluded that it had no jurisdiction to review Chen's habeas petition requesting that the court vacate and reverse the BIA's February 2003 decision denying her motion to reopen."); *Vardan v. Lowe*, No. 1:11-CV-00039, 2011 WL 1481356, at *3 n.1 (M.D. Pa. Feb. 24, 2011) ("[T]his court does not have jurisdiction to review the petitioner's removal order *or the order denying his motion to reopen*." (emphasis added)), *report and recommendation approved by* 2011 WL 1481357 (M.D. Pa. Apr. 19, 2011). This conclusion is consistent with § 1252(b)(6), which provides that "any review sought of a motion to reopen or reconsider the order [of removal] shall be consolidated with the review of th[at] order." 8 U.S.C. § 1252(b)(6). Thus, Congress contemplated that review of decisions to reopen or reconsider would be sought alongside removal orders in the courts of appeals. *See Stone*, 514 U.S. at 394.

5

of them may have since been decided. Although this Court's prior decision correctly dismissed Griffith's petition as untimely insofar as he was challenging his removal order, Griffith's challenges of the BIA decisions denying his motions to reopen and for reconsideration are timely and warrant separate consideration.

C.      *Transfer Is in the Interest of Justice*

Having determined that the Second Circuit would have jurisdiction over at least a portion of Griffith's claims, I must determine if it is in the interest of justice to transfer his case. It is ordinarily in the interest of justice to transfer a petition that would have been timely had it been filed in the proper court absent evidence that the petitioner filed in the wrong court in bad faith. *Paul*, 348 F.3d at 47.

There is no evidence that Griffith filed his petition in this Court in bad faith. Furthermore, accepting the uncontroverted statements in Griffith's affirmation, it is clear that if Griffith had commenced this action in the Second Circuit,[3] he would be able to challenge at least one of the BIA's rulings refusing to reopen or reconsider his case. If I dismiss his case now, he would be time-barred from pursuing that challenge in the proper court. Under these circumstances, it would be an abuse of discretion not to transfer the case. *See id.*

While the decision to transfer does not require an assessment of whether the asserted claims are potentially meritorious, I note that Griffith's argument that his convictions are not final for removal purposes may be a proper basis for the Second Circuit to grant his petition. Although Griffith's order of removal became final in September 2010, his direct appeal of his criminal convictions was reinstated in December 2010 and he moved to reopen his removal proceedings on that basis. The Second Circuit recently granted a petition to review the

---

[3] Griffith's removal proceedings were held in Napanoch, New York, and therefore the Second Circuit is the appropriate court of appeals. *See* 8 U.S.C. § 1252(b)(2).

6

denial of a motion to reopen on substantially similar facts. *See Abreu v. Holder*, 378 F. App'x 59, 62 (2d Cir. 2010) (granting petition of alien whose criminal appeal was reinstated after his order of removal became final and remanding to the BIA to determine if pendency of criminal appeal barred removal); *see also In re Gonzalez-Rodriguez*, No. A043 250 486, 2010 WL 4509760, at *1 (BIA Oct. 22, 2010) (remanding record of alien whose direct criminal appeal had been deemed timely filed after his removal order became final "for additional factfinding as to whether direct appellate review has been exhausted as to the respondent's criminal conviction, and whether or not these removal proceedings against the respondent should be terminated").[4]

I express no views on whether Griffith's petition should be granted. It may be that, after full review of the administrative record, the Second Circuit determines it lacks jurisdiction or that Griffith's claims are without merit. Those decisions are for the Second Circuit to make. I merely observe that Griffith has raised at least one viable claim that is not time-barred, but that might become time-barred if this case were dismissed. Transfer is therefore in the interest of justice.[5]

---

[4] The law on this point is unsettled. Although there is authority to support Griffith's position that his convictions may not serve as a basis for removal until he has exhausted or waived his direct appeal of those convictions, *see, e.g., Walcott v. Chertoff*, 517 F.3d 149, 155 (2d Cir. 2008) ("The decision to appeal a conviction . . . suspends an alien's deportability . . . until the conviction becomes final . . . ."); *accord Paredes v. Att'y Gen. of U.S.*, 528 F.3d 196, 198 (3d Cir. 2008) ("'[A] conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived.'" (quoting *In re Ozkok,* 19 I. & N. Dec. 546, 552 n.7 (BIA 1988))), the Second Circuit has twice stated (first in *dictum* in a published opinion and later in a non-precedential summary order) that this rule was eliminated by statute. *See Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 332 (2d Cir. 2007) (stating that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 "eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final" for immigration purposes); *see also Alejo v. Mukasey*, 292 F. App'x 128, 128 (2d Cir. 2008) (rejecting alien's challenge to removal premised on pendency of his direct appeal of underlying conviction). *But see People v. Ventura*, --- N.E.2d ----, 2011 WL 5040895, at n.*** (N.Y. Oct. 25, 2011) (Read, J., concurring in part and dissenting in part) (noting that "the Second Circuit has traditionally followed the finality rule whereby an alien has the right to exhaust all direct appeals before the underlying criminal conviction can serve as the basis for removal" although the case law may not be settled). The more recent *Abreu* decision makes it clear that Griffith's claim is not foreclosed by existing law and may in fact be meritorious.

[5] I deny Griffith's request for an "Advisory Opinion" regarding the findings of the immigration court or the BIA. *See U.S. Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("'[A] federal court [lacks] the power to render advisory opinions.'" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (second alteration in original)).

7

## CONCLUSION

The motion for reconsideration is granted. Upon reconsideration, the July 20, 2011 memorandum and order dismissing the petition for a writ of habeas corpus and the judgment entered in this case are vacated. The petition shall be deemed a petition for review of the BIA's orders issued on or after April 3, 2011, and the Clerk of the Court is respectfully directed to transfer this case to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Griffith's request for appointment of counsel is denied without prejudice to his renewal of that request before the Second Circuit.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       November 7, 2011